IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00050-MR

| | |
|---|---|
| DARYL LYNN SPARKS, ) </br> ) </br> Petitioner, ) </br> ) </br> vs. ) </br> ) </br> MITCHELL COUNTY, ) </br> ) </br> Respondent. ) </br> _____ ) | **MEMORANDUM OF** </br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. [Doc. 1].

I. **BACKGROUND**

The *pro se* Petitioner is a pretrial detainee being held at the McDowell County Detention Center on pending Mitchell County cases, Case Nos. 18CRS50399 (possession of methamphetamine) and 18CRS550400 (possession of drug paraphernalia, "WDLR viol LDP").[1] [Doc. 1].

On December 11, 2018, the Plaintiff was released on appearance bonds of $2,500 in case number 18CRS050400 and of $5,000 in case

---

[1] The Court takes judicial notice of the Plaintiff's files in Mitchell County Case Nos. 18CRS50399 and 18CRS550400. See Fed. R. Evid. 201. Mitchell County court records also suggest that a habitual felon charge is pending in Case No. 19CRS83.

number 18CRS50399. The Plaintiff failed to appear on September 16, 2019, and a warrant was issued for his arrest on September 17, 2019. The Plaintiff was arrested on February 12, 2020; the arrest warrant provides for a $250,000 secured bond. Petitioner's $2,500 bond in case number 18CRS050400 was forfeited on February 22, 2020.

On February 18, 2021,[2] Petitioner filed the present § 2241 Petition for Writ of Habeas Corpus. [Doc. 1]. The Petitioner complains that the $7,500 was raised to $250,000 "for a single failure to appear." [Doc. 1 at 7]. He further claims that he has been held at the McDowell County Detention Center for 13 months without appearing in court or "having an opportunity for a bond reduction." [Id.]. The Petitioner asks the Court to "reduce or unsecure" his bond. [Doc. 1 at 8].

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2241, federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial petitions for

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2254 (prisoner mailbox rule applicable to § 2254 petitions); Rule 1(b), 28 U.S.C. foll. § 2254 (a district court "may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254].").

writ of habeas corpus are property brought under § 2241 because it "'applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)).

The Petitioner's *pro se* § 2241 Petition is construed liberally. See generally Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers).

### III. DISCUSSION

The Eighth Amendment states "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment protection against excessive bail may only be vindicated prior to trial, and therefore may be raised in a pretrial habeas petition. Atkins v. Michigan, 644 F.2d 543, 549 (6th Cir. 1981); Stack v. Boyle, 342 U.S. 1 (1951).

While federal courts have the power to hear pretrial habeas petitions regarding bail, "prudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." Munaf v. Geren, 553 U.S. 674, 693

3

(2008) (citation and internal quotation marks omitted). Out of respect for those concerns, a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (citing Younger v. Harris, 401 U.S. 37 (1971)). Under the Younger abstention doctrine, courts of equity should not act if "the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43–44 (citation omitted). The Fourth Circuit has stated that Younger abstention is appropriate where "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Hum. Rels., 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Under the first Younger prong, the Petitioner attests that he is being detained pending trial on state criminal charges. As such, the Petitioner is involved in an ongoing state criminal proceeding.

Under the second prong, the Supreme Court has stated that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that

4

Case 1:21-cv-00050-MR Document 2 Filed 03/01/21 Page 4 of 7

should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citation omitted); see United States v. Mitchell, 733 F.2d 327, 331 (4th Cir. 1984) ("the fixing of bail 'is peculiarly a matter of discretion with the trial court.'") (quoting United States v. Wright, 483 F.2d 1068, 1069 (4th Cir. 1973)). Accordingly, the criminal proceedings and Petitioner's bond amount implicate important state interests.

Under the third prong, the scheme for federal habeas review is designed "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). A petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b), (c); Rule 1(b), 28 U.S.C. foll. § 2254. "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court ... thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

The Petitioner alleges that his bond is unreasonably high and that he has not appeared for a bond reduction hearing in 13 months. However, he

does not allege that he has filed a petition for a writ of habeas corpus in Superior Court or that he has petitioned the North Carolina Court of Appeals for review. See N.C. Gen. Stat. § 15A-547 (preserving right to petition state court for a writ of habeas corpus); In re Reddy, 16 N.C. App. 520, 192 S.E.2d 621 (1972) (allowing a petition for a writ of habeas corpus requesting a bail reduction). Because the Petitioner has an adequate opportunity to raise his federal claim in the state courts, he has an adequate remedy at law.[3] See Younger, 401 U.S. at 43-44. Accordingly, Younger abstention is appropriate here.

For these reasons, the Court concludes that the Petitioner cannot obtain federal habeas relief at this time. Accordingly, the Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] will be dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

---

[3] For the same reasons, it appears that the Petitioner has failed to exhaust his available state remedies before filing his § 2241 Petition.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: March 1, 2021

Martin Reidinger
Chief United States District Judge

7

Case 1:21-cv-00050-MR   Document 2   Filed 03/01/21   Page 7 of 7